The Honorable Jamal N. Whitehead

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| BRENT BLIVEN, on behalf of himself and the putative Class Members,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC.; WASTE MANAGEMENT OF WASHINGTON, INC; and WM RESOURCES, INC.<br><br>Defendant. | Case No. 2:26-cv-02110-JNW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (CLASS ACTION)**<br><br>**JURY TRIAL DEMANDED** |



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

Brent Bliven ("Plaintiff"), on behalf of himself and Class Members, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action on behalf of himself and other individuals who work or have worked for Waste Management, Inc ("Waste Management"), Waste Management of Washington, Inc ("Waste Washington"), and WM Resources, Inc. ("WM") (collectively "Defendants") as non-exempt, hourly employee "Drivers", to challenge Defendants' violations of the wage and hour laws of the State of Washington.

2. This is a class action lawsuit against Defendants to challenge, among other wrongs, its policy and practice of unlawfully denying Plaintiff and similarly situated employees meal breaks and rest periods in violation of Washington wage and hour laws. In so doing, Defendants denied Plaintiff and all similarly situated employees payment for all hours worked.

3. Defendants violated Washington law by knowingly and willfully permitting Plaintiff and Class Members to remain on-duty during meal and rest breaks. Defendants received value from the work performed by Plaintiff and similarly situated employees, who worked during meal and rest periods without the proper compensation.

4. Defendants' conduct violated and continues to violate Washington state wage and hour laws; specifically, Washington state meal and rest period laws.

5. Because Defendants' conduct violated and continues to violate Washington wage and hour laws, Defendants are liable for unpaid and exemplary wages as provided by Washington law, attorneys' fees and costs, and pre- and post-judgment interest.

6. Therefore, Plaintiff files this action to recover on behalf of himself and Class Members for all unpaid wages, compensation, penalties, and other damages owed to them under Washington law individually, and as a class action under CR 23, in order to remedy the sweeping practices which have deprived Plaintiff and similarly situated employees (hereinafter, "Class Members") of their lawfully-earned wages.


**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), because the proposed class consists of at least 100 members, minimal diversity exists between the parties, and the amount in controversy exceeds $5,000,000. Minimal diversity exists because the Plaintiff is a citizen of a state different from at least one Defendant.

8. This Court has personal jurisdiction over Defendants because Defendants conduct business within the State of Washington, have purposefully availed themselves of the privileges of conducting business in Washington, and the claims alleged herein arise out of Defendants' contacts within the state.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

10. Plaintiff Brent Bliven is an individual over the age of eighteen and residing in Graham, Washington.

11. Plaintiff was employed by Defendants as a Driver between approximately 1997 and July 22, 2026.

12. Plaintiff is informed, believes, and alleges that Defendant Waste Management, Inc. is a for-profit foreign business corporation, with its principal office located in Houston, Texas.

13. Defendant Waste Management does business in the state of Washington, and has offices located in Washington. Defendant has obtained the benefits of the laws of the State of Washington and the services and labor of Washington residents.

14. Plaintiff is informed, believes, and alleges that Defendant Waste Management of Washington, Inc is a for profit foreign corporation, with its principal located in Houston, Texas



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

15. Defendant Waste Washington does business in the state of Washington, has offices located in Washington, and is also registered as a corporation under the laws of the state of Washington. Defendant Waste Washington has obtained the benefits of the laws of the State of Washington and the services and labor of Washington residents.

16. Plaintiff is informed, believes, and alleges that Defendant WM Resources, Inc. is a for profit foreign corporation, with its principal located in Houston, Texas

17. Defendant WM does business in the state of Washington, and has offices located in Washington. Defendant WM has obtained the benefits of the laws of the State of Washington and the services and labor of Washington residents.

18. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting through their agents and/or employees, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

19. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operation of their agents, managers, and employees throughout all their operations in Washington. Waste Management exercises significant control over Waste Washington and WM's operations, including policies governing employee compensation, scheduling, timekeeping, performance expectations, and discipline. Waste Washington, in turn, carries out and enforces Waste Management's employment directives and policies in the day-to-day supervision of Plaintiff and Class Members.

20. Plaintiff is informed, believes, and thereon alleges that Defendants jointly determine and implement the compensation structure applicable to Plaintiff, jointly maintained payroll and timekeeping systems, and jointly benefitted from the labor provided by Plaintiff and Class Members.

21. Plaintiff is informed, believes, and thereon alleges that Plaintiff's work simultaneously benefited all entities, which shared control over essential employment terms and conditions, including the power to hire and terminate, set schedules, assign work, and



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

determine wages.

22. Plaintiff is informed, believes, and thereon alleges that at all relevant times, Defendants operate as a single, integrated business enterprise engaged in the management, administration, and servicing of mutual funds and related financial products.

23. Plaintiff is informed, believes, and thereon alleges that all Defendants share common ownership, interrelated operations, centralized control of labor relations, and common management and human resources functions.

24. Plaintiff is informed, believes, and thereon alleges, that Defendants, in some manner, intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

25. At all material times, Defendants have been an employer under the wage and hour laws of the state of Washington.

26. At all relevant times, Defendant Waste Management, Inc. was the parent company of Defendants Waste Management of Washington, Inc., and WM Resources, Inc. The three entities operated as a unified and integrated enterprise with respect to the waste collection, hauling, routing, supervision, payroll, labor policies, and employment practices at issue in this action.

27. At all relevant times, Defendant Waste Management of Washington, Inc. was a wholly owned or controlled subsidiary of Defendant Waste Management, Inc., and functioned as the Washington operating arm through which the parent company conducted its waste collection and related business operations in the State of Washington.

28. At all relevant times, Defendants maintained interrelated operations. Among other things, Defendants used shared branding, held themselves out to the public and employees as part of the same Waste Management enterprise, and operated under common corporate policies, common operational procedures, and common managerial directives.

29. Plaintiff and Class members were and are employees of Defendants within the meaning of wage and hour laws of Washington.



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

30. Defendants act as an employer of Plaintiff and Class members because Defendants, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

31. Plaintiff is informed, believes, and alleges that Defendants have, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

**FACTUAL ALLEGATIONS**

32. Plaintiff is informed, believes, and thereon alleges that Defendants' employ hundreds of hourly, nonexempt workers similarly situated to Plaintiff as Drivers throughout Washington.

33. Plaintiff worked for Defendants as a Driver, in Auburn, Washington from approximately 1997 to July 22, 2026.

34. Defendants classify Plaintiff and Class Members as non-exempt employees and pay them on an hourly rate basis. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $43.59 per hour.

35. Plaintiff and, upon information and belief, Class Members, routinely work in excess of forty (40) hours in a week.

36. For example, Plaintiff worked five days a week, for approximately 10-11 hours a day, for approximately 55 hours a week.

37. Like Plaintiff, Class Members working for Defendants are route drivers responsible for operating waste collection vehicles along assigned residential routes. Their duties include driving through residential neighborhoods and collecting trash and waste containers from individual homes throughout the course of their shifts. Defendants require these drivers to complete assigned routes and meet daily stop quotas within designated timeframes.

38. Defendants require Plaintiff and Class Members to work through the entirety of their shifts without the opportunity to take meal and rest periods, and without penalty pay.



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

Defendants maintain productivity quotas requiring Plaintiff and Class Members to complete a set number of stops during their shifts, while simultaneously failing to provide employees with a meaningful opportunity to take compliant meal and rest periods, as employees who fail to meet their required stop quotas are subjected to discipline, including write-ups, suspensions, and termination.

39. Plaintiff and Class Members are subject to Defendants' time, pay, meal and rest break, and overtime policies and practices. Plaintiff routinely performed work during his entire shift, including during meal and rest breaks.

40. Plaintiff and Class Members are effectively on-duty whenever they are required to continue driving to complete their routes without the opportunity to take an uninterrupted meal and/or rest period.

41. As a result of the aforementioned violations, Plaintiff and Class Members do not receive payment of all wages owed within the period of time required by Washington law.

42. Defendants do not inform Plaintiff and Class Members that they are required to complete quotas at their own expense. However, because of Defendants' productivity quotas, Plaintiff and Class Members are forced to complete stops during their meal and rest periods in order to meet their set number of stops during their shifts.

43. Defendants do not inform Plaintiff and Class Members that work performed during meal and rest breaks constitute hours worked, or that such work should be recorded as time worked.

44. When Plaintiff and Class Members performed work, Defendants failed to pay them minimum and overtime wages due to Defendants' failure to include time worked during meal periods and rest periods.

45. Defendants also maintain a policy and practice of failing to compensate employees for all overtime hours worked. For example, when Plaintiff works more than 40 hours in a workweek, Defendants only pay a portion of the overtime hours at the legally required overtime rate. For example, if an employee works 50 hours in a workweek,



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

Defendants only pay five (5) hours at one and one-half times the employee's regular rate of pay, while the remaining five (5) overtime hours would be paid at the employee's straight-time hourly rate. As a result, employees were not fully compensated for all overtime hours worked in violation of Washington law.

46. Class Members were and are employed by Defendants and perform work materially similar to Plaintiff.

47. Plaintiff and Class Members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

48. Defendants pay Plaintiff and Class Members on an hourly rate basis.

49. Plaintiff and Class Members work more than forty hours in at least one workweek during the three years before this Complaint was filed.

50. Defendants' method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that their conduct complied with Washington law.

## RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

52. The Class that Plaintiff seeks to represent is defined as follows:

**All current and former hourly-paid, non-exempt Drivers of Defendants who worked in the State of Washington within the three (3) years preceding the filing of this Complaint until the conclusion of this litigation.**

53. Plaintiff reserves the right to establish additional subclasses as appropriate.

54. This action is brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.



LAWYERS *for* JUSTICE, P.C.
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

55. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' employment records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

56. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants fail to pay Plaintiff and Class Members for all hours worked, including all required minimum wages and overtime compensation, in violation of Washington law;

ii. Whether Defendants failed to keep true and accurate records of Plaintiff and class members' hours of work and wages;

iii. Whether Defendants failed to provide Plaintiff and class members with uninterrupted meal periods to which they were entitled under Washington law and ensure those breaks were taken;

iv. Whether Defendants failed to provide Plaintiff and class members with uninterrupted rest periods to which they were entitled under Washington law and ensure those breaks were taken;

v. Whether Defendants failed to compensate Plaintiff and class members for missed and/or interrupted meal and rest breaks;

vi. Whether Defendants failed to provide Plaintiff and Class Members with timely, accurate itemized wage statements in violation of Washington law;



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

vii. Whether Defendants' policy and practice of failing to pay Plaintiff and class members all wages due upon the end of their employment violated Washington law;

viii. Whether Defendants' actions were "willful" as that term is understood in Washington wage and hour law; and

ix. The proper formula for calculating damages owed to Plaintiff and the Class as alleged herein.

57. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of the Washington State Labor law as alleged herein caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

58. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

59. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

60. If each individual putative Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial and legal resources. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to RCW 49.46 *et seq.***
**(On Behalf of Plaintiff and the Class Against Defendant)**

61. Plaintiff realleges and incorporates the foregoing paragraphs at though fully set forth herein.

62. The Washington Minimum Wage Act, in particular RCW 49.46.090 and 49.46.130, requires Defendants to pay at least the legal minimum wage for all hours actually worked and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week

63. Defendants have failed to pay Plaintiff and Class Members the premium overtime wages to which they are entitled under the Washington Minimum Wage Act for all hours worked beyond 40 per workweek.

64. Through their knowing or intentional failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the Washington Minimum Wage Act.

65. As a direct and proximate result of Defendants' unlawful conduct, as set forth


**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

herein, Plaintiff and Class Members have sustained damages, including loss of earnings for overtime hours worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SECOND CAUSE OF ACTION
**Failure to Provide Meal Periods**
**Pursuant to RCW 49.12 *et seq.* and WAC 296-126-092**
**(On Behalf of Plaintiff and the Class Against Defendant)**

66. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

67. The Industrial Welfare Act ("IWA"), RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, prohibiting employers from requiring employees to work more than five consecutive hours without an uninterrupted 30-minute meal period. "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

68. Under the IWA, Defendants have an obligation to (1) affirmatively provide employees with the uninterrupted meal breaks to which they are entitled; (2) affirmatively ensure that employees receive the meal breaks, completely relieved of all duties, to which they are entitled; and (3) compensate employees with thirty minutes of pay for each missed, interrupted, or shortened meal break; and (4) pay an additional thirty minutes of penalty pay for each interrupted, missed, or shortened, and unpaid meal break to compensate for the loss of the statutorily mandated respite.

69. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

70. By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092 by failing to ensure Plaintiff and Class Members received compliant meal periods and by failing to provide proper compensation—including wages for all hours worked and mandatory penalty pay—for their missed, interrupted, or shortened meal breaks.

71. As a result of the unlawful acts of Defendants, Plaintiff and Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff and Class Members are entitled to the recovery of such damages, including interest thereon, attorney's fees under RCW 49.48.030, and costs.

## THIRD CAUSE OF ACTION
**Failure to Provide Rest Periods**
**Pursuant to RCW 49.12 *et seq.* and WAC 296-126-092**
**(On Behalf of Plaintiff and the Class Against Defendant)**

72. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

73. Under the IWA, "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

74. The IWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

75. Pursuant to RCW 49.12.005 and its implementing regulation WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

76. WAC 296-126-092 provides that employees shall be allowed certain paid rest


**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

periods during their shifts.

77. Under the IWA, Defendants have an obligation to (1) affirmatively provide employees with the rest breaks to which they are entitled; (2) affirmatively ensure that employees receive the rest breaks, completely relieved of all duties, to which they are entitled; and (3) provide an additional ten minutes of penalty pay for each missed, shortened, or interrupted rest break as a remedy for the loss of the statutorily mandated respite. Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

78. By the actions alleged above, Defendants have violated the provisions of RCW 9.12.020 and WAC 296-126-092 by failing to (1) provide Plaintiff and Class Members with additional compensation for their missed, shortened, or interrupted rest breaks; and (2) properly record time on employee timecards.

79. As a result of the unlawful acts of Defendants, Plaintiff and the Class Members were deprived of compensation in amounts to be determined at trial, and Plaintiff and Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**FOURTH CAUSE OF ACTION**
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52 *et seq.***
**(On Behalf of Plaintiff and the Class Against Defendant)**

80. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

81. Pursuant to the Wage Rebate Act ("WRA"), any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2).


**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

82. The WRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees. RCW 49.52.070.

83. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wn.2d 282, 300 (1987)).

84. By requiring Plaintiff and Class Members to work during their meal breaks and rest periods and failing to compensate Plaintiff and Class Members for missed, late, or interrupted meal breaks and rest periods with the proper compensation and/or penalty pay, Defendants willfully failed to pay all wages owed to them, including minimum and overtime wages and damages for noncompliant meal and rest breaks. Defendants knew or should have known that their employment policies violated Washington law, and their failure to pay wages owed to Plaintiff and the Class was "willful" under RCW 49.52.050(2).

85. Because Defendants' failure to pay wages owed was "willful," Plaintiff and the Class are entitled to exemplary damages under RCW 49.52.070.

## FIFTH CAUSE OF ACTION

**Violation of the Washington Consumer Protection Act**
**Pursuant to RCW 19.86 *et seq.***
**(On Behalf of Plaintiff and the Class Against Defendant)**

86. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87. RCW 19.86.020 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

88. Defendants engaged in unfair or deceptive acts or practices and unfair methods of competition when they: (1) prevented Plaintiff and the Class from taking legally compliant meal breaks; (ii) failed to pay Plaintiff and the Class for the periods during which their breaks were delayed, missed or interrupted; (iii) failed to pay Plaintiff and the Class for overtime



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

worked; (iv) violated RCW 49.46.020; (v) violated WAC 296-126-023; and (vii) violated WAC 296-126-092.

89. Defendants' unfair or deceptive acts or practices and unfair methods of competition repeatedly occurred in Defendants' business, proximately caused injuries to Plaintiff and the Class, and impacted the public interest because they injured other persons and had and have the capacity to injure other persons.

90. As a result of Defendants' unfair or deceptive acts or practices and unfair methods of competition, Plaintiff and the Class are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
**Failure to Pay Wages Owed at Termination**
**Pursuant to RCW 49.48.010, 49.52.070 *et seq.***
**(On Behalf of Plaintiff and the Class Against Defendant)**

91. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

92. Pursuant to the Wage Payment Act, "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." RCW 49.48.010.

93. By the actions alleged above, Defendants have violated and continue to violate the provisions of RCW 49.48.010. As a result of the unlawful acts of Defendants, Plaintiff and class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and class members are entitled to such damages, together with attorney's fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 12 percent per annum. RCW 19.52.020.

## PRAYER FOR RELIEF

94. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

i. An order preventing Defendants from retaliating in any way against Plaintiff and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

iii. An order finding that Defendants violated Washington law;

iv. All unpaid regular wages due under Washington law;

v. All unpaid overtime wages due under Washington law;

vi. An award of exemplary damages as provided by Washington law;

vii. An award of treble damages as provided by Washington law, to the extent same does not unduly overlap with other amounts due;

viii. All compensatory damages due under Washington law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

ix. All attorneys' fees, costs and disbursements as provided by Washington law;

x. Pre- and post-judgment interest in the amount of 12% per annum as provided by Washington law; and

xi. Such other and further relief as this Court deems just and proper.



**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-2121
Fax: (818) 265-1021

Dated: October 28, 2026

Respectfully Submitted,

**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

*/s/ Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell *(Pro Hac Vice)**
Ori Edelstein *(Pro Hac Vice)**
Michelle S. Lim *(Pro Hac Vice)**
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Admitted *Pro Hac Vice* in
Case No. 2:26-cv-02110-JNW, Dkt. #6

**LAWYERS for JUSTICE, P.C.**

*/s/ Ben Stone*
Joanna Ghosh, WSBA #65285
Benjamin Stone, WSBA #33436
LAWYERS *for* JUSTICE, P.C.
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021
Email: joanna@calljustice.com
b.stone@calljustice.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: October 28, 2026

Respectfully Submitted,

**SCHNEIDER WALLACE COTTRELL KIM LLP**

*/s/ Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell *(Pro Hac Vice)**
Ori Edelstein *(Pro Hac Vice)**
Michelle S. Lim *(Pro Hac Vice)**
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Admitted *Pro Hac Vice* in
Case No. 2:26-cv-02110-JNW, Dkt. #6

**LAWYERS for JUSTICE, P.C.**

*/s/ Ben Stone*
Joanna Ghosh, WSBA #65285
Benjamin Stone, WSBA #33436
LAWYERS *for* JUSTICE, P.C.
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021
Email: joanna@calljustice.com
b.stone@calljustice.com

*Attorneys for Plaintiff*